**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 21-2008, 23-2832
_____

RALPH LAUREN CORPORATION,
                              Appellant
v.

FACTORY MUTUAL INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:20-cv-10167)
District Judge: Hon. Susan D. Wigenton
_____

No. 22-2474
_____

TUMI, INC.; SAMSONITE LLC; DELILAH EUROPE INVESTMENTS SARL,
                              Appellants
v.

FACTORY MUTUAL INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:21-cv-02752)
District Judge: Hon. Kevin McNulty
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 14, 2025
_____

Before: SHWARTZ, MATEY, and FREEMAN, *Circuit Judges*.

(Filed: June 9, 2025)
_____

OPINION[*]
_____

MATEY, *Circuit Judge*.

In these consolidated appeals, Ralph Lauren Corporation, Tumi, Inc., Samsonite LLC, and Delilah Europe Investments Sarl (collectively Plaintiffs) seek coverage under insurance policies for damages resulting from their response to COVID-19. The District Courts granted Factory Mutual Insurance Company's cross-motions for judgment on the pleadings and dismissed Plaintiffs' complaints, decisions we will affirm.

**I.**

Plaintiffs purchased insurance policies from Factory Mutual in 2019, covering "ALL RISKS OF PHYSICAL LOSS OR DAMAGE." RL App. 65; Sam. App. 61.[1] The policies excluded coverage for "contamination, and any cost due to contamination including the inability to use or occupy property or any cost of making property safe or suitable for use or occupancy," unless "directly result[ing] from other physical damage not excluded." RL App. 87; Sam. App. 78. Following the widespread business closures ordered by public health officials after the identification of COVID-19, Plaintiffs filed

_____

[*]This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

[1] RL App. refers to the appendix filed in Appellate Nos. 21-2008 and 23-2832. Sam. App. refers to the same in Appellate No. 22-2474.

claims under their insurance policies for the costs of compliance. Factory Mutual denied their claims, and this litigation followed.[2]

## II.

Under New Jersey law (which all the parties agree applies here), insurance policies that cover "physical loss or damage" do not reach financial losses imposed by COVID-19 mandates. *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 147 (3d Cir. 2023); *AC Ocean Walk, LLC v. Am. Guarantee & Liab. Ins.*, 307 A.3d 1174, 1187 (N.J. 2024).[3] As the New Jersey Supreme Court explained, a plaintiff that alleges "it sustained a loss of business during the COVID-19 government-mandated suspension of business operations" fails to allege any physical loss or damage because the "properties were 'intact and functional' and were 'not destroyed in whole or in part.'" *AC Ocean Walk*, 307 A.3d at

---

[2] The District Courts had jurisdiction under 28 U.S.C. § 1332(a), and we have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. *Fed Cetera, LLC v. Nat'l Credit Servs., Inc.*, 938 F.3d 466, 469 n.7 (3d Cir. 2019). Section 1291 also provides us jurisdiction to review the District Court's order denying Ralph Lauren's Rule 62.1 motion because it is a postjudgment order following which the Court had "nothing [left to do] in the cause save to superintend, ministerially, the execution of the decree." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 24 F.4th 242, 254–55 (3d Cir. 2022) (emphasis omitted) (quoting *Isidor Paiewonsky Assocs. v. Sharp Props., Inc.*, 998 F.2d 145, 150 (3d Cir. 1993)). Having determined that it would not grant the relief Ralph Lauren seeks were this Court to remand the case, there was nothing more for the District Court to do but wait until this Court decided this appeal. Thus, the Rule 62.1 order is final. *See MZM Constr. Co. v. N.J. Bldg. Laborers Statewide Benefit Funds*, 974 F.3d 386, 394–95 (3d Cir. 2020) (asserting jurisdiction over appeals from both an order enjoining arbitration and a subsequent order denying a Rule 62.1 motion under 28 U.S.C. § 1292(a)(1)).

[3] The New Jersey Supreme Court construed synonymous policy terms "'direct physical loss' of or 'direct physical . . . damage.'" *AC Ocean Walk*, 307 A.3d at 1178. The policies here contained nearly identical language. *Id.* at 1179 ("Each policy defined a 'Covered Cause of Loss' to denote '[a]ll risks of direct physical loss of or damage from any cause unless excluded.'").

1188 (quoting *Wilson*, 57 F.4th at 142). That holding binds us. *See McKenna v. Pac. Rail Serv.*, 32 F.3d 820, 825 (3d Cir. 1994) ("[W]e are to apply state law as interpreted by the state's highest court.").

Plaintiffs contend that their pleadings contain several references to how COVID-19 affects the air and surfaces. But these technical or scientific alterations do not amount to the "destruction of the property or a physical change to the property that renders it unusable or uninhabitable." *AC Ocean Walk*, 307 A.3d at 1185. Plaintiffs argue that one of Factory Mutual's internal loss codes supports their argument, but New Jersey courts may only "look to extrinsic evidence as an aid to interpretation" when "the terms of the contract are susceptible to at least two reasonable alternative interpretations." *Chubb Custom Ins. v. Prudential Ins. of Am.*, 948 A.2d 1285, 1289 (N.J. 2008). These terms are unambiguous because they "*clearly* denote[] the destruction of the property or a physical change to the property that renders it unusable or uninhabitable." *AC Ocean Walk*, 307 A.3d at 1185 (emphasis added). So we will affirm the District Courts' judgments.[4]

---

[4] As a result, we will not remand the case to the District Court for additional discovery.